**Dismissed and Memorandum Opinion filed February 27, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00323-CV

---

### WILMA REYNOLDS, Appellant

### V.

### WELLS FARGO BANK, N.A., WELLS FARGO BANK NA, ET. AL., Appellees

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 48170**

---

## M E M O R A N D U M   O P I N I O N

Appellant Wilma Reynolds attempts to appeal a garnishment judgment signed June 6, 2013. Appellee argues this court lacks jurisdiction because the trial court's order is interlocutory. We agree and dismiss for want of jurisdiction.

David Reynolds, appellee in the underlying cause, commenced this garnishment action by filing an application for writ of garnishment, naming Wells

Fargo Bank as the garnishee. The trial court signed a judgment granting the writ of garnishment April 11, 2013, and signed a judgment nunc pro tunc April 19, 2013. In the April judgments, the trial court ordered the clerk to release $160,983.95 from the registry of the court to David Reynolds. On June 6, 2013, the trial court issued an order granting in part appellant's motion for new trial. In that order, the trial court recognized that appellant had posted a cash deposit in lieu of supersedeas bond for the amount of the garnished funds. The order states, "The Clerks' office is ordered to hold the Garnished Funds, to be paid by Wells Fargo Bank N.A. and Wells Fargo Advisors, LLC, until further Order of this Court and is not to disburse the same until such time as further Orders are entered by this Court." Wilma Reynolds challenges this order on various grounds, including that the trial court erred by holding not only the garnished funds but also the funds she deposited into the registry.

The main issue in a garnishment proceeding is who is entitled to the funds involved in the proceeding. *See Elliot v. West*, No.01-09-00747-CV, 2011 WL 1233484, at *2 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.). Though the April judgments determined the issue of who is entitled to the funds involved in the proceeding, the new trial order modified those judgments. That order does not determine who is entitled to the funds because it orders the clerk to hold the garnished funds. Therefore, the judgment from which appeal is attempted does not adjudicate all claims by all parties and is interlocutory. *See McCullough v. Scarbrough, Medlin, & Associates, Inc.*, No. 08-12-00205-CV, 2012 WL 3100845, at *1 (Tex. App.—El Paso July 31, 2012, no pet.) (mem. op.).

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable

2

until final judgment is rendered unless a statutory exception applies. *See id*; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

On January 22, 2014, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before February 3, 2014. *See* Tex. R. App. P. 42.3(a). Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

Accordingly, we do not reach the merits of appellant's challenge, and the appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Busby and Brown.